1  KAREN P. HEWITT
   United States Attorney
2  TIMOTHY F. SALEL
   Assistant United States Attorney
3  California Bar No. 163597
   880 Front Street, Room 6293
4  San Diego, California 92101-8893
   Telephone: (619) 557-6074
5  Facsimile: (619) 557-3445
   E-mail: timothy.salel@usdoj.gov
6
   Attorneys for United States of America
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,       )  Criminal Case No. 08CR0508-BEN
                                   )
11         Plaintiff,               )  DATE:  April 21, 2008
                                   )  TIME:  2:00 p.m.
12      v.                          )
                                   )  GOVERNMENT'S RESPONSE AND
13 KARL DELEON MURRAH (2),          )  OPPOSITION TO DEFENDANT'S
                                   )  MOTIONS TO:
14         Defendant.                )  (1)  COMPEL DISCOVERY / PRESERVE
                                   )       EVIDENCE; AND
15                                  )  (2)  GRANT LEAVE TO FILE FURTHER
                                   )       MOTIONS
16                                  )  TOGETHER WITH STATEMENT OF FACTS,
                                   )  MEMORANDUM OF POINTS AND
17                                  )  AUTHORITIES AND THE GOVERNMENT'S
                                   )  MOTIONS TO:
18                                  )  (1)  COMPEL PRODUCTION OF
   _____ )       RECIPROCAL DISCOVERY
19

20      COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

21 Karen P. Hewitt, United States Attorney, and Timothy F. Salel, Assistant United States Attorney, and

22 hereby files its response and opposition to the above-referenced motions.

23      As discussed further, the Government will comply with all discovery obligations -- including

24 those governed by Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. §

25 3500), and Brady v. Maryland, 373 U.S. 83 (1963) -- and anticipates that most, if not all, discovery

26 issues can be resolved amicably and informally. The Government has no objection to the Court granting

27 leave to file further motions based on new information and requests reciprocal discovery from

28 Defendant.

# I

# STATEMENT OF FACTS

On February 22, 2007, Defendant KARL DELEON MURRAH was indicted by a federal grand jury and charged in Criminal Case No. 08CR0508-BEN-BEN with (1) conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, (2) distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and (3) criminal forfeiture under 21 U.S.C. §§ 853.  Defendant is also charged in Criminal Case No. 08CR0509-BEN with (1) conspiracy to distribute hydrocodone bitartrate and oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, (2) distribution of hydrocodone bitartrate and oxycodone in violation of 21 U.S.C. § 841(a)(1), and (3) criminal forfeiture under 21 U.S.C. §§ 853, and charged in Criminal Case No. 08CR0510BEN with distribution of MDMA (ecstasy) in violation of 21 U.S.C. § 841(a)(1).  Defendant pled not guilty to all charges in the Indictments at Criminal Case No. 08CR0508-BEN and the related cases and the Government is in the process of complying with its discovery obligations.

# II

# DISCUSSION

**A.  The Government Will Comply With All Discovery Obligations**

**(1)  Defendant's Statements**

The Government recognizes its obligation under Rules[1] 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements.  This includes all recorded statements made by Defendant.  If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided to Defendant.

The Government has no objection to the preservation of any handwritten notes taken by any of the agents.  See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their notes of interviews of an accused or prospective government witnesses).  However, the Government

---

[1] Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

1 objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not
2 require disclosure of rough notes where the content of those notes have been accurately reflected in a
3 type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v.
4 Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes
5 even where there are "minor discrepancies" between the notes and a report). The Government is not
6 required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute
7 "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially
8 verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness.
9 United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). It is unclear whether any rough notes
10 in this case constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez,
11 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where
12 notes were scattered and all the information contained in the notes was available in other forms). Any
13 notes would not be Brady material if the notes do not present any material exculpatory information, or
14 any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96
15 (rough notes were not Brady material because the notes were neither favorable to the defense nor
16 material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994)
17 (mere speculation that agents' rough notes contained Brady evidence was insufficient). If the
18 Government determines that the rough notes are discoverable under Rule 16, the Jencks Act, or Brady,
19 the rough notes will be provided to Defendant.

20 **(2)     Arrest Reports, Notes, and Dispatch Tapes**

21 The Government has provided Defendant with all known reports related to Defendant's arrest
22 in this case that are available at this time. The Government will continue to comply with its obligation
23 to provide to Defendant all reports subject to Rule 16. As previously noted, the Government has no
24 objection to the preservation of the agents' handwritten notes, but objects to providing Defendant with
25 a copy of the rough notes at this time because the notes are not subject to disclosure under Rule 16, the
26 Jencks Act, or Brady. Undersigned counsel is not aware of any relevant dispatch tapes at this time, but,
27 after further consultation with the agents, will provide Defendant with any discoverable audio or video
28

tapes.

### (3) Reports of Scientific Tests or Examinations

The Government will provide Defendant with any reports of any tests or examinations in accordance with Rule 16(a)(1)(F). This includes the DEA laboratory reports (Form DEA 7) regarding the analysis of the drugs seized in this case.

### (4) Brady Material

The Government will perform its duty under Brady to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999) amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001). Brady does not require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir.

1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

### (5) Information That May Result in a Lower Sentence Under the Guidelines

The Government will continue to provide Defendant with all Brady material that may result in mitigation of Defendant's sentence. Nevertheless, the Government is not required to provide information bearing on Defendant's sentence until after Defendant's conviction or guilty plea and prior to his sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988)(No Brady violation occurs "if the evidence is disclosed to the defendant at a time when the disclosure remains in value").

### (6) Prior Record

The Government has no information or record indicating that Defendant has any prior convictions. To the extent that the United States determines that there are any documents reflecting Defendant's prior criminal record, the United States will provide those documents to Defendant in accordance with Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990).

### (7) 404(b) Evidence

The Government will disclose in advance of trial, the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b). However, the Government notes that evidence should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime charged are "inextricably intertwined." See United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

### (8) Evidence Seized

The Government will comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all documents and tangible objects seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

**(9)     Request for Preservation of Evidence**

The Government recognizes that the Constitution requires the Government to preserve evidence "that might be expected to play a significant role in the suspect's defense." <u>California v. Trombetta</u>, 467 U.S. 479, 488 (1984). To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." <u>Id.</u> at 489; <u>see</u> <u>also</u> <u>Cooper v. Calderon</u>, 255 F.3d 1104, 1113-14 (9th Cir. 2001). The Government will make every effort to preserve evidence it deems to be relevant and material to this case.

**(10)     Tangible Objects**

The Government will comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984).

**(11)     Evidence of Bias or Motive to Lie**

The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to falsify or distort his or her testimony.

**(12)     Impeachment Evidence**

As previously discussed, the Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses.

**(13)     Evidence of Criminal Investigation of Any Government Witness**

Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. The Government is under no obligation to turn over the criminal records or rap sheet of its potential witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976). The Government will, however, provide the conviction record, if any, which could be

used to impeach witnesses the Government intends to call in its case-in-chief.

### (14) Witness Addresses

The Government will provide Defendant with the reports containing the names of the agents involved in the apprehension of Defendant as well as the complete name of their agency and local post of duty. The Government strenuously objects to providing the home addresses or the home or personal cellular telephone numbers to Defendant. In non-capital cases, the Government is not even required to disclose the names of its witnesses prior to trial. United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992); (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996); see also United States v. Bejasa, 904 F.2d 137 (2d Cir. 1990)(United States did not improperly deny defendant access to government witnesses whose telephone numbers and addresses the government refused to provide because defendant knew the identities of the government witnesses and presumably knew their telephone numbers or could have contacted them through the exercise of due diligence) .  Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

### (15) Name of Witnesses Favorable to the Defendant

The Government is not aware of the names of any witnesses favorable to the Defendant's case. If the Government discovers any witnesses favorable to Defendant, the names of such witnesses will be promptly provided to Defendant.

### (16) Statements Relevant to the Defendant

The Government will provide all statements relevant to Defendant as required by Rule 16, Brady, and Jencks.  The Government is not all possible information and evidence regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

### (17) Jencks Act Material

Rule 26.2 incorporates the Jencks Act, 18 U.S.C. § 3500, into the Federal Rules of Criminal Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991)(citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).

### (18) Giglio Information

An agreement that the Government makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under Brady and Giglio. See United States v. Kojayan, 8 F.3d 1315, 1322-23 (9th Cir. 1993); Benn v. Lambert, 238 F.3d 1040, 1054-60 (9th Cir. 2002).  The Government is not aware of any Giglio information related to this case.  If the Government discovers the existence of Giglio information, the information will be provided to Defendant.

### (19) Personnel Records of Government Agents

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992).  If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

**(20)    Personnel Records of Government Officers Involved in the Arrest**

The Government objects to Defendant's request that the United States reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved in this case – regardless of whether the complaints or inquiries are baseless or material and regardless of whether the United States intends to call inspectors, officers, and special agents to testify. The Government will comply with its obligations under Henthorn, 931 F.2d 29, and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

**(21)    Expert Summaries**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases and reasons for those opinions.

**(22)    Discovery Disputes / Timing of Production of Jencks Act Material**

Defendant cites no authority for his request that the Government should provide defendant with the basis for not providing any discovery in this case. If the Government is unclear whether certain documents or information falls within the Government's discovery obligations, the Government will submit the documents or information to the Court for an in camera review and opinion. While the Government is only required to produce all Jencks Act material *after* the witness testifies, the Government plans to provide Jencks Act material sufficiently in advance of trial as not to delay future proceedings.

**(23)    Residual Request**

The Government will comply with all of its discovery obligation s, but objects to the broad and unspecified nature of Defendant's residual discovery request.

### B. The Government Has No Opposition To Further Motions Based On New Information

The Government does not object to the granting of leave to allow Defendant file further motions as long as the additional motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

## III

## GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY

### A. All Evidence That Defendant Intends To Introduce In His Case-In-Chief

Since the Government will honor Defendant's requests for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom he intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

### B. Reciprocal Jencks – Statements By Defense Witnesses

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by a defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are

memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

## V
## **CONCLUSION**

For the reasons stated herein, the Government respectfully requests that this Court deny Defendant's motions to compel production of discovery and grant leave to file further motions, except where unopposed, and grant the Government's motions to compel production of reciprocal discovery.

Dated:  April 14, 2008                    Respectfully submitted,

KAREN P. HEWITT
United States Attorney

 */s/ TIMOTHY F. SALEL*
TIMOTHY F. SALEL
Assistant U.S. Attorney

08CR0508-BEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07CR2579-JAH |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| KARL DE LEON MURRAH (2), | |
| Defendants. | |

IT IS HEREBY CERTIFIED that:

I, Timothy F. Salel, am a citizen of the United States over the age of 18 years and a resident of San Diego County, CA; my business address is 880 Front Street, San Diego, CA 92101-8893; I am not a party to the above-entitled action.

I have caused service of **Government's Response and Opposition To Defendant's Motions To Compel Production of Discovery and To Grant Leave To File Further Motions, and the Government's Motion To Compel Reciprocal Discovery** on the following party, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following party at the following e-mail address:

Victor Manuel Torres at lawforvatos@yahoo.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 14, 2008        /s/ *TIMOTHY F. SALEL*
                                TIMOTHY F. SALEL
                                Assistant U.S. Attorney
                                E-mail: timothy.salel@usdoj.gov